FILED
2005 Jul-15  PM 02:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2005 JUL 12  PM 2:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| TITO SLAYTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.: |
| vs. | ) |
| | ) CV-05-CO-1494-W |
| S T. BUNN CONSTRUCTION | ) |
| COMPANY, INC., | ) |
| | ) PLAINTIFF DEMANDS A TRIAL |
| Defendant. | ) BY STRUCK JURY |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is a suit to obtain relief for race discrimination and retaliation.

2. The plaintiff seeks to recover under 42 U.S..C. § 1981.

3. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper under 28 U.S.C. §1391, as the events in question occurred in Tuscaloosa County, Alabama.

1

## PARTIES

5. The plaintiff, Tito Slayton, is an African-American resident of Tuscaloosa County, Alabama who was over the age of 19 during all events relevant to this action.

6. The defendant, S T Bunn Construction Company, Inc. ("Bunn"), is a corporation organized and existing under the laws of the State of Alabama, doing business in Tuscaloosa County, Alabama.

7. At all times relevant to this action, Bunn served as Mr. Slayton's employer for purposes of 42 U.S.C. § 1981.

## FACTUAL BACKGROUND

8. Bunn hired Mr. Slayton to work as a laborer in May 2003.

9. Bunn later promoted Mr. Slayton to the position of Operator.

10. Randy Davis was Mr. Slayton's supervisor at Bunn while Mr. Slayton worked as an Operator.

11. Mr. Davis is white.

12. During Mr. Slayton's employment with Bunn, Mr. Davis made one or more racial remarks to Mr. Slayton.

13. On or about November 21, 2004, while working for Bunn Mr. Davis called Mr. Slayton "a stupid colored mother f*****."

14. Immediately following this incident, Mr. Slayton reported Mr. Davis's comment to Superintendent Guy Watkins.

15. Mr. Watkins is white.

16. Mr. Watkins responded to Mr. Slayton's complaint by telling Mr. Slayton to "deal with Mr. Davis or find another job."

17. On December 21, 2004 at the Christmas Safety Meeting, Bunn's lawyer addressed the issue of sexual harassment.

18. At the Safety Meeting, Mr. Bunn told the lawyers and the group at the meeting about Mr. Davis's November 21 remark.

19. Bunn's lawyer told Mr. Slayton that this was the first time he had heard about the incident between Mr. Davis and Mr. Slayton.

20. Bunn's lawyer then crossed the meeting room to speak in private to Mr. Slayton's superintendent, Mr. Watkins.

21. On or about December 29, 2004 Bunn informed Mr. Slayton that he was being transferred from his operator's position to a different crew to work as a laborer spreading asphalt.

22. The laborer position was less prestigious than the operator's position.

23. The laborer position involved less responsibility than the operator's position.

24. Mr. Slayton was scheduled to receive a raise to $10.00 an hour in January 2005.

25. When Bunn changed Mr. Slayton's crew, Sonny Bond, the president of Bunn, told Mr. Slayton that he would not be receiving a raise to $10.00 an hour.

26. On or about February 15, 2005, Mr. Slayton filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination.

27. After filing his EEOC Charge, Bunn created another asphalt crew.

28. Mr. Slayton was denied the Operator's position on the newly created asphalt crew.

29. Bunn hired William Pharr for the Operator's position on the new asphalt crew.

30. Mr. Pharr is white.

31. On May 17, 2005, Mr. Slayton reported to his job site and began shoveling asphalt and helping the other laborers in his crew.

32. On May 17, 2005, after Mr. Slayton had been working about an hour, Larry Colburn, one of Mr. Slayton's supervisors, said to Mr. Slayton "what is wrong with you?"

33. Mr. Colburn is white.

34. On May 17, 2005, Mr. Colburn terminated Mr. Slayton.

35. Mr. Colburn told Mr. Slayton he was terminated for not talking to Mr. Colburn and not doing the job for which Mr. Slayton was paid.

36. A white employee named Phillip was not doing the job for which he was paid on May 17.

37. Bunn did not terminate the white employee named Phillip.

38. Mr. Davis and Mr. Colburn treated Mr. Slayton differently than similarly situated white employees, including the white employee named Phillip.

39. Bunn has a progressive discipline policy which requires that an employee receive at least two (2) disciplinary writeups before termination.

40. At the time Bunn terminated Mr. Slayton, Mr. Slayton had not received any disciplinary writeups.

## COUNT I
## 42 U.S.C. § 1981
## RACE DISCRIMINATION

41. Mr. Slayton adopts and incorporates the allegations set forth above in support of this Count.

42. Bunn treated Mr. Slayton differently than similarly situated white employees.

43. Bunn subjected Mr. Slayton to adverse job actions because of his race, African-American.

44. Bunn's stated reason(s) for the adverse job actions were a pretext for race discrimination.

45. Upon information and belief, Bunn has a pattern and practice of engaging in discriminatory conduct.

46. Upon information and belief, the defendant has a pattern and practice of engaging in discriminatory conduct.

47. Bunn's discriminatory conduct injured Mr. Slayton

WHEREFORE, PREMISES CONSIDERED, Mr. Slayton respectfully requests the entry of judgment against the defendant for violation of 42 U.S.C. § 1981, pursuant to an Order by which the Court:

    (a)    awards compensatory damages;

    (b)    awards punitive damages;

    ©)    awards injunctive relief, including backpay;

    (d)    awards that relief which is fair, reasonable and just;

    (e)    awards a reasonable attorney's fee; and

    (f)    taxes costs against said defendant.

**COUNT II**
**42 U.S.C. § 1981**
**RETALIATION**

48. Mr. Slayton adopts and incorporates the allegations set forth above in support of this Count.

49. Mr. Slayton engaged in protected activity by complaining to the defendant about the racial remark made by Randy Davis on November 21, 2004.

50. Mr. Slayton engaged in protected activity by filing an EEOC Charge in February 2005.

51. After Mr. Slayton engaged in protected activity the defendant subjected him to adverse job actions including, but not limited to, denying him a pay raise, demoting him to a laborer's position, denying him reinstatement to an operator's position, and terminating his employment.

52. The defendant subjected Mr. Slayton to adverse job actions because of his protected activity.

53. The reasons given by the defendant for these adverse job actions are a pretext for retaliation.

54. The defendant's retaliatory conduct injured Mr. Slayton.

WHEREFORE, PREMISES CONSIDERED, Mr. Slayton respectfully requests the entry of judgment against the defendant for violation of 42 U.S.C. § 1981, pursuant to an Order by which the Court:

    (a) awards compensatory damages;

(b)   awards punitive damages;

(c)   awards injunctive relief, including backpay, reinstatement and/or reasonable front pay;

(d)   awards that relief which is fair, reasonable and just;

(e)   awards a reasonable attorney's fee; and

(f)   taxes costs against said defendant.

THE PLAINTIFF HEREBY REQUESTS A JURY TRIAL OF ALL ISSUES SO TRIABLE.

Respectfully submitted,

*Heather Leonard*
Heather N. Leonard
Attorney Code: ASB-1152-O61H
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, P.C.
The Gross Building
2108 Rocky Ridge Road, Suite 1
Birmingham, Alabama 35216
Phone:       (205) 978-7899
Facsimile:   (205) 278-1400
E-mail:      Heather@HeatherLeonardPC.com

## SERVE THE DEFENDANT VIA CERTIFIED MAIL:

S T Bunn Construction Company, Inc.
c/o S T Bunn, Jr., Registered Agent
1904 University Blvd.
Tuscaloosa, AL 35401